UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BERJ HOVSEPIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-414-CEJ |
| | ) | |
| CRANE CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions of twenty-four defendants to dismiss, *inter alia*, for lack of personal jurisdiction. Plaintiff has not responded to the motions, and the time permitted for doing so has expired.

**I. Background**

Plaintiff was a civilian employee of the United States Navy from 1958 until 1964, in Boston, Massachusetts. Compl. ¶ 1. He was also "employed with Kambien" from 1966 until 1969 and "employed with Polaroid" from 1969 until 1997, in Cambridge, Massachusetts. *Id.* "During the course of [his] employment at [those] locations . . . , during non-occupational work projects and/or in other ways, [he] was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products [he] was working with and around[,] which were manufactured, sold, distributed or installed by the [d]efendants and each of them." *Id.* ¶ 2. Plaintiff alleges he was "first exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products [he] worked with or around *outside* the State of Missouri . . . ." *Id.* ¶ 3 (emphasis added).

The complaint names seventy-eight defendants. Plaintiff contends that all of the defendants are "amenable to suit in the State of Missouri by reason [of] having

sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and by reason of having committed a tortious act against [p]laintiff in Missouri." *Id.* ¶ 7. However, the complaint does not identify any connection between plaintiff and the sale of the moving defendants' products in Missouri or any tortious act committed against plaintiff in this state.

According to the complaint, none of the moving defendants are incorporated in or maintain their principal places of business in Missouri. The complaint also alleges that some of those defendants are not registered to do business in Missouri. Further, as to the moving defendants that purportedly are registered to do business in this state, plaintiff did not respond to the instant motions with evidence they are so registered.

## II. Discussion

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citations omitted). "To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant." *Id.* (citations omitted). "A plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Id.* (quotation marks and citation omitted). "Where no hearing is held on the motion, [a court] must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction." *Id.* (citation omitted).

Plaintiff's failure to respond to the instant motions forecloses exercise of personal jurisdiction over the moving defendants. He has not met his burden to prove jurisdiction because no evidence has been adduced that any of these defendants are subject to general or specific jurisdiction in Missouri, or that they have consented to the exercise of personal jurisdiction. *See Walden v. Fiore*, 134 S. Ct. 1115 (2014) (describing specific jurisdiction); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) (delineating general jurisdiction); *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990) (explaining personal jurisdiction based on consent); *Mitchell v. Eli Lilly & Co.*, No. 4:15-CV-1846-CEJ, 2016 WL 362441 (E.D. Mo. Jan. 29, 2016) (applying *Knowlton*). Therefore, the Court will grant the motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss for lack of personal jurisdiction [Docs. ##11, 13, 14, 15, 17, 18, 21, 22, 25, 26, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 47, 49, 51, 54, and 121] are **granted**.

A separate order of partial dismissal will issue.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2016.