UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BERJ HOVSEPIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-414-CEJ |
| | ) |
| CRANE CO., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions of defendant Federal-Mogul Asbestos Injury Trust, as successor to the former Vellumoid Division of Federal-Mogul and as successor to Felt-Products Manufacturing Co. (collectively, "Federal-Mogul"), to dismiss for lack of personal jurisdiction. Plaintiff has not responded to the motions, and the time allowed for doing so has expired.

**I. Background**

According to the complaint, plaintiff was a civilian employee of the United States Navy from 1958 until 1964, in Boston, Massachusetts. Compl. ¶ 1. He was also "employed with Kambien" from 1966 until 1969 and "employed with Polaroid" from 1969 until 1997, in Cambridge, Massachusetts. *Id.* "During the course of [his] employment at [those] locations . . . , during non-occupational work projects and/or in other ways, [he] was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products [he] was working with and around[,] which were manufactured, sold, distributed or installed by the [d]efendants and each of them." *Id.* ¶ 2. Plaintiff alleges he was "first exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products [he] worked with or around *outside* the State of Missouri . . . ." *Id.* ¶ 3 (emphasis added).

The complaint names seventy-eight defendants. Plaintiff contends that all of the defendants are "amenable to suit in the State of Missouri by reason [of] having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and by reason of having committed a tortious act against [p]laintiff in Missouri." *Id.* ¶ 7. However, the complaint does not identify any connection between plaintiff and the sale of Federal-Mogul's products in Missouri or any tortious act committed against plaintiff in this state.

According to the complaint, Federal-Mogul is not incorporated in nor does it maintain its principal place of business in Missouri. The complaint also alleges that Federal-Mogul is not registered to do business in Missouri. The same is true of the entities to which Federal-Mogul is the successor.

## II. Legal Standard

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citations omitted). "To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant." *Id.* (citations omitted). "A plaintiff's prima facie showing must be tested, not by the pleadings alone, but by affidavits and exhibits supporting or opposing the motion." *Id.* (quotation marks and citation omitted). "Where no hearing is held on the motion, [a court] must view the evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; however, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction." *Id.* (citation omitted).

2

### III. Discussion

The allegations in the complaint foreclose exercise of personal jurisdiction over Federal-Mogul. The Court need not consider any evidence to prove the allegations in the complaint because even if all of the allegations in the complaint are true, no personal jurisdiction exists over Federal-Mogul in Missouri. Under the facts alleged, Federal-Mogul would not be subject to general or specific jurisdiction in Missouri. *See Walden v. Fiore*, 134 S. Ct. 1115 (2014) (describing specific jurisdiction); *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) (delineating general jurisdiction). By the same measure, plaintiff pled that Federal-Mogul does not maintain a registered agent in Missouri. Thus, no basis exists to find Federal-Mogul has consented to the exercise of personal jurisdiction in this state. *See Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990) (explaining personal jurisdiction based on consent); *Mitchell v. Eli Lilly & Co.*, No. 4:15-CV-1846-CEJ, 2016 WL 362441 (E.D. Mo. Jan. 29, 2016) (applying *Knowlton*). Therefore, the Court will grant the motions to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the motions of defendant Federal-Mogul Asbestos Injury Trust, as successor the former Vellumoid Division of Federal-Mogul and as successor to Felt-Products Manufacturing Co., to dismiss for lack of personal jurisdiction [Docs. ##271, 272] are **granted**.

CAROL E. JACKSON  
UNITED STATES DISTRICT JUDGE

Dated this 5th day of August, 2016.