UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BERJ HOVSEPIAN, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 4:16-CV-00414-CEJ |
| THE ADEL WIGGINS GROUP, et al., | ) |
|     Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant CBS Corporation (CBS) to amend its Order denying CBS' motion to dismiss [Doc. #277], and grant certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff has not responded in opposition, and the time permitted for doing so has expired.

### I. **Background**

Plaintiff was a civilian employee of the United States Navy from 1958 until 1964, in Boston, Massachusetts. [Doc. #1-1 at ¶ 1]. He was also "employed with Kambien" from 1966 until 1969 and "employed with Polaroid" from 1969 until 1997, in Cambridge, Massachusetts. *Id.* "During the course of [his] employment at [those] locations . . . , during non-occupational work projects and/or in other ways, [he] was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products [he] was working with and around[,] which were manufactured, sold, distributed or installed by the [d]efendants." *Id.* ¶ 2. Plaintiff alleges he was "first exposed to and inhaled, ingested or otherwise absorbed asbestos fibers and/or asbestiform fibers emanating from certain products [he] worked with or around outside the State of Missouri . . .

." *Id.* ¶ 3. The asbestos-containing products at issue were allegedly manufactured, sold, distributed or installed by the defendants. In 2012, plaintiff was diagnosed with asbestosis. On September 15, 2015, he was diagnosed with "asbestos-related" mesothelioma. *Id.* ¶ 4. Plaintiff alleges that his illness was caused by exposure to the defendants' products.

The complaint names seventy-eight defendants. Plaintiff contends that defendants are "amenable to suit in the State of Missouri by reason [of] having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and by reason of having committed a tortious act against [p]laintiff in Missouri." *Id.* ¶ 7. Neither plaintiff nor defendant CBS is a citizen of Missouri, and this litigation concededly has no connection to Missouri.

Defendant CBS filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Specifically defendant argued that "CBS' contacts with Missouri [do not] satisfy the demanding due process test imposed by *Daimler AG v. Bauman*." [Doc. #96-1]. Defendant CBS further claimed that "*Knowlton* is not even persuasive, much less controlling, as to the jurisdictional effect . . . to be given Missouri's foreign corporation registration requirements," and "Missouri law does not allow for implied consent-based general jurisdiction over CBS where such jurisdiction would otherwise be precluded by due process." *Id.* at 5 (internal formatting omitted). The motion was denied. [Doc. #277].

CBS now seeks certification of an interlocutory appeal on the question of whether CBS has consented to the general jurisdiction of Missouri courts by complying with Missouri's corporate registration statute (Mo. Rev. Stat §§ 351.572,

2

351.586 (2014)), as held in *Knowlton v. Allied Van Lines*, 900 F.2d 1196 (8th Cir. 1990).

## II. **Legal Standard**

Section 1292(b) of Title 28 of the United States Code provides a mechanism for a district court to grant an appeal on an otherwise non-final order. In order to satisfy § 1292(b), a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate outcome of the litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979). Imbedded in these factors is a ripeness requirement. *See id.* This is because "[t]he purpose of section 1292(b) is not to offer advisory opinions 'rendered on hypotheses which (evaporate) in the light of full factual development.'" *Id.* (quoting *Minnesota v. United States Steel Corp.*, 438 F.2d 1380, 1384 (8th Cir. 1971)). A district court must therefore ensure that factual issues are sufficiently resolved before granting certification. *See S.B.L. v. Evans*, 80 F.3d 307, 311 (8th Cir. 1996).

Moreover, "the requirements of § 1292(b) are jurisdictional," and this "jurisdictional analysis is guided by the policy embodied in the final judgment rule." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994); *see also Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.*, 557 F. App'x 618, 619 (8th Cir. 2014). That is, it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants" and accordingly, "permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." *White*, 43 F.3d at 376 (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)). The Eighth

3

Circuit has explained that "the legislative history of subsection (b) of section 1292 . . . indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1996)(per curiam) (cited with approval in *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008)). Indeed, those seeking an interlocutory appeal have the "heavy burden" of demonstrating that a case is "exceptional" and therefore merits immediate appeal. *White*, 43 F.3d at 376; *see also Alchemy Advisors, LLC v. Cedarburg Pharm., Inc.*, No. 4:08-CV-1964-FRB, 2010 WL 56012 (E.D. Mo. Jan. 4, 2010). CBS has failed to meet its burden in this case.

## II. Discussion

As to the first § 1292 factor, defendant CBS has shown the existence of a controlling question of law. A controlling question of law must be legal – one of fact or an issue not within the district court's discretion. *See White*, 43 F.3d at 376; *see also E.E.O.C. v. Allstate Ins. Co.*, No. 4:04-CV-01359-ERW, 2007 WL 38675, at *3 (E.D. Mo. Jan. 4, 2007). Here, the question concerns the exercise of personal jurisdiction over defendant CBS in accordance with *Knowlton*. Other courts in this circuit have held that personal jurisdiction issues constitute controlling questions of law. *See, e.g., Remmes v. Int'l Flavors and Fragrances, Inc.* 435 F. Supp. 2d 936, 944 (N.D. Iowa 2006); *Emerson Elec. Co. v. Yeo*, No. 4:12-CV-1578-JAR, 2013 WL 440578, at *4 (E.D. Mo. Feb. 5, 2013); *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 922 F. Supp. 1334, 1384 (N.D. Iowa 1996). Similarly, in this case, personal jurisdiction constitutes a controlling question of law. This is because compliance by CBS with

4

Missouri's foreign corporation registration requirements is the "only basis for in personam jurisdiction" over this defendant. *See Remmes,* 435 F. Supp. 2d at 944. A question pertaining to jurisdiction contrasts to discovery issues, which are only subject to appellate review for abuse of discretion and "generally will never involve a controlling question of law." *White*, 43 F.3d at 377; *see also Jones v. Clinton*, 993 F. Supp. 1217, 1223 (E.D. Ark. 1998). Conversely, the Eighth Circuit conducts a *de novo* review of a district court's denial of a motion to dismiss on the basis of personal jurisdiction. *See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). Personal jurisdiction issues are therefore non-discretionary and are controlling questions of law.

With respect to the second factor, defendant CBS has not shown that there is a substantial ground for difference of opinion. A mere dearth of cases does not establish a substantial ground for difference of opinion. *White v. Nix,* 43 F.3d 374, 378 (8th Cir. 1994). "[I]dentification of 'a sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement." *Id.* at 378 (quoting *Oyster v. Johns-Manville Corp.,* 568 F. Supp. 83, 88 (E.D. Pa. 1983)). Moreover, substantial ground for a difference of opinion exists when "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *Emerson Elec. Co. v. Yeo,* No. 12-CV-1578-JAR, 2013 WL 440578, *2 (E.D. Mo. Feb. 5, 2013) (quoting *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876–77 (E.D. Mich. 2012)).

To support its request for certification here, defendant CBS argues that "numerous courts have reached the opposite conclusion from this Court." Defendant only cites two cases (*Keely v. Pfizer Inc.,* No. 4:15-CV-00583, 2015 WL 3999488 (E.D. Mo. July 1, 2015) (holding *Knowlton* was abrogated by *Daimler* and finding no personal jurisdiction); *Beard v. SmithKline Beecham Corp.*, No. 4:14-CV-1833-RLW, 2016 WL 1746113 (E.D. Mo. May 3, 2016)) in this circuit that reach a different conclusion from this Court with regard to the application of *Knowlton* in the post-*Daimler* era. *See Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 88 (E.D. Pa. 1983) (noting that a "[s]ingle case demonstrates that while there may be grounds for difference of opinion, they are not, however substantial."), *cited with approval in White*, 43 F.3d at 378. Further, defendant CBS has failed to establish a true circuit split. Defendant cites one Second Circuit case, a Delaware state court case, and two cases from the federal district court in Delaware to establish a circuit split. This is insufficient to establish a circuit split. *See Sunflower Redevelopment, LLC v. Illinois Union Insurance Co.*, No. 4:15-CV-577-DGK, 2016 WL 1228659, at *4 (W.D. Mo. March 28, 2016) (finding that three cases cited from outside the circuit is not sufficient to establish a substantial ground for difference of opinion). Accordingly, defendant CBS has not identified a sufficient number of contradictory opinions such that this Court is persuaded that there is a substantial ground for difference of opinion.

With respect to the third factor, defendant CBS has not demonstrated that an immediate appeal may materially advance the termination of the litigation. "When litigation will be conducted in substantially the same manner" regardless of the appellate court's decision, "the appeal cannot be said to materially advance the

ultimate termination of the litigation." *White,* 43 F.3d at 378–79; *cf. Simon v. G.D. Searle & Co.*, 816 F.2d 397 (8th Cir. 2012) (holding that interlocutory appeal was proper where questions concerning the work product doctrine could affect about forty consolidated cases). Defendant CBS argues that an interlocutory appeal would "serve[] the best interests of justice and judicial economy." However, "granting interlocutory appeal now will only increase the likelihood of multiple appeals, which would decrease judicial efficiency as well as delay the final resolution of this case." *See United States v. Mo.*, No. 4:11-CV-77-RWS, 2016 WL 783067, at *3 (E.D. Mo. Feb. 29, 2016).

For the above reasons, the Court finds that this case is not "exceptional" and concludes that an immediate interlocutory appeal is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant CBS for certification of a question for interlocutory appeal is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2016.