UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BERJ HOVSEPIAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-414-CEJ |
| | ) | |
| THE ADEL WIGGINS GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant BW/IP, Inc. (named in plaintiff's complaint as Flowserve Corporation) to dismiss based on collateral estoppel. The plaintiff has not filed a response and the time to do so has expired.

### I.  Background

Plaintiff Berj Hovsepian was a civilian employee of the United States Navy from 1958 until 1964, in Boston, Massachusetts. He contracted asbestos-related mesothelioma, allegedly as a result of exposure to products that were manufactured, sold, distributed or installed by the defendants, including BW/IP.

In December 2009, plaintiff brought an action against defendant BW/IP and other entities in the Superior Court for the Commonwealth of Massachusetts. [Doc. #298-1, at 6, 12]. Plaintiff asserted claims of common law negligence,[1] breach of

---

[1] Plaintiff's common law negligence claims were based on (1) failure to warn "plaintiff of the dangers, characteristics, and potentialities of the[] asbestos-containing product or products when the defendant corporations knew or should have known that the exposure to their asbestos-containing products would cause disease and injury," (2) failure to "exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos", (3) failure to "test their asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure to their asbestos," (4) failure to conduct "research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos," (5) failure to "remove the

express and implied warranties,[2] "malicious, willful, wanton and reckless conduct or gross negligence."[3] In addition, plaintiff's wife asserted a claim of loss of consortium. [Doc. #298-1, at 17–24, 32–35]. Defendant BW/IP moved for summary judgment, arguing that plaintiffs failed to prove (1) the identity of the injury causing product or (2) the manufacturer of the injury causing product. [Doc. #298-2, at 9]. In July 2012, the Superior Court granted defendant BW/IP's motion for summary judgment. [Doc. #298 at 2].

In December 2015, plaintiff alone initiated an action in the Circuit Court of the City of St. Louis, Missouri, naming BW/IP and others as defendants, and asserting claims identical to those in the Massachusetts case. The action was removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. In the instant motion, defendant BW/IP argues that plaintiff's claim against it is barred by collateral estoppel.

II. **Legal Standards**

a. **Motion to Dismiss**

---

product or products from the market when the defendant corporations knew or should have known of the hazards of exposure," (6) failure to "remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure," (7) failure upon "discovery of the dangers . . . to adequately warn and apprise plaintiff," (8) failure upon "discovery of the dangers . . . to package said asbestos . . . so as to eliminate said dangers," (9) "specifying the use of asbestos . . . in the installation, and expected routine maintenance of the defendants' equipment without providing adequate warning to those who would foreseeably come into contact with such asbestos," (10) failing "to provide an adequate warning to those who would foreseeably come into the contact with asbestos," and (11) "generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos. . ." [Doc. #298-1, at 18–19].

[2] Plaintiff asserted a claim of breach of warranty under Massachusetts General Laws ch. 106, § 2-318. He argued that "the defendants expressly and impliedly warranted that the asbestos and asbestos-containing products and equipment . . . were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of the plaintiff." [Doc. #298-1, at 20].

[3] Plaintiff alleges in the complaint that at least some of the defendants possessed "medical and scientific data clearly indicating that asbestos and asbestos-containing products were hazardous." [Doc. 298-1 at 32].

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is analyzed under the same standards as one under Rule 12(b)(6). *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (citing *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009)).

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

The Eighth Circuit has "implicitly endorsed the use of a motion to dismiss to raise res judicata." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012). "For an affirmative defense such as res judicata to provide a basis

for dismissal under Rule 12(b)(6), the affirmative defense must be apparent on the face of the complaint." *A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.*, 823 F.3d 448, 453 (8th Cir. 2016) (internal citations and quotations omitted); *see also C.H. Robinson Worldwide,* 695 F.3d at 763–64. This means that a district court may consider public records or other materials connected with the pleadings in its evaluation. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).

### b. Collateral Estoppel

Res judicata encapsulates two preclusion concepts – issue preclusion and claim preclusion. *Lovilia Coal Co. v. Harvey*, 109 F.3d 445, 449 (8th Cir. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)). Issue preclusion, or collateral estoppel means that "'once a court has decided an issue of fact or law necessary to its judgment, 'the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Lovilia Coal Co. v. Harvey*, 109 F.3d 445, 449–50 (8th Cir. 1997) (quoting *Tyus v. Schoemehl*, 93 F.3d 449, 452 (8th Cir. 1996) (internal citations omitted); *see also Montana v. United States*, 440 U.S. 147, 153 (1979). The same issues cannot be re-litigated. *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015). Collateral estoppel is therefore critical for judicial efficiency and for "promot[ing] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)). Moreover, it "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 154.

28 U.S.C. § 1738 provides that "judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. *Allen* explained how § 1738 interacts with common law res judicata doctrine, reasoning that "though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (reaffirming that federal courts should "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged"). This rule still holds when a federal question case (in federal court) follows a state court proceeding, and even still when that federal question was not or could not actually be litigated in state court. *See Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 85 (1984); *see also Matsushita Elec. Indus. Co. v.* Epstein, 516 U.S. 367 (1996). Accordingly, here, the law of Massachusetts is applicable in determining the preclusive effect of the parties' previous litigation.[4]

## III. Discussion

Under Massachusetts law, the doctrine of collateral estoppel applies when (1) there was a final judgment on the merits in the previous adjudication, (2) the party

---

[4] Defendant BW/IP's motion to dismiss asserts that Missouri law should govern the application of collateral estoppel in this case. The Court's analysis shows otherwise. In any event, the relevant law in Missouri does not significantly differ from Massachusetts law.

5

against whom estoppel is asserted is a party (or in privity with a party) to the prior adjudication, (3) the issue decided in the prior adjudication is identical with the one presented in the action in question, and (4) the issue decided in the prior adjudication was essential to the judgment. *Alba v. Raytheon* Co., 809 N.E.2d 516, 521 (Mass. 2004); *Green v. Brookline*, 757 N.E.2d 731 (Mass. App. Ct. 2001). "The guiding principle in determining whether to allow defensive use of collateral estoppel is whether the party against whom it is asserted 'lacked full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue.'" *Id.* (internal citations and quotations omitted).

In this case, there was in fact a final judgment on the merits in the previous adjudication. "[T]he term 'judgment' refers to a final determination on the merits of the proceeding." *Jarosz v. Palmer*, 766 N.E.2d 482, 489 (Mass. 2002). And finality under Massachusetts law "does not require a final judgment in a strict sense." *Id.* (citing *Tausevich v. Board of Appeals of Stoughton*, 521 N.E.2d 385 (1988)). Finality requires that the "parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed." *Tausevich v. Bd. of Appeals of Stoughton*, 521 N.E.2d 385, 387 (Mass. 1988). Here, the Massachusetts Superior Court granted defendant BW/IP's motion for summary judgment following discovery. [Doc. #298 at 6]. This motion was granted on the grounds that plaintiff had failed to establish causation. *Id.* Under Massachusetts law, a summary judgment ruling constitutes a final judgment on the merits. *In re Goldstone*, 839 N.E.2d 825, 832 (Mass. 2005) (reasoning that "[s]ummary judgment decisions are entitled to preclusive effect where the parties

6

were fully heard, the court's decision is supported by a reasoned opinion, and the opinion was subject to review or was in fact reviewed"); *Jarosz v. Palmer*, 766 N.E.2d 482, 488 (Mass. 2002) (noting that "an evidentiary hearing or trial is not required before issue preclusion can apply. The appropriate question is whether the issue was 'subject to an adversary presentation and consequent judgment' that was not 'a product of the parties' consent.'" (internal quotations and citations omitted)). Although plaintiff never responded to defendant BW/IP's summary judgment motion, he was afforded the full opportunity to be heard on the issues. And accordingly, the grant of summary judgment in the Massachusetts Superior Court constitutes a final judgment on the merits.

The second factor is also met here as the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. The same parties were involved in both the Massachusetts case and the case before this Court.

Moreover, the issues litigated in the previous action are identical with the ones before the Court. In the Massachusetts action, plaintiff alleged that he developed asbestosis as a proximate result of the defendants' negligence and their failure to warn of and protect him from the dangers of asbestos-containing products. [Doc. #298-1, at 18–19]. He makes the same allegations in the instant case—that "as a direct and proximate result of said defective and unreasonably dangerous conditions of such products, Petitioner was exposed to . . . great amounts of asbestos fibers . . . causing Petitioner to develop [] asbestos-related disease." [Doc. #1-1, at 15]. The only difference between the two cases is that here plaintiff adds that he may have been exposed to asbestos not only between

1958 and 1964, but also from 1966 to 1969 and 1969 to 1997. [Doc. #1-1 at 3]. This factual difference is not significant, as plaintiff had a full and fair opportunity to assert both time periods in the Massachusetts action. As such, there are no "new facts" arising after the disposition of the first case. *See, e.g., Martin v.* Ring, 514 N.E.2d 663, 665 (Mass. 1987). Accordingly, the claims are substantially similar such that this prong is satisfied. *See Comm'r of the Dep't of Emp't & Training v. Dugan*, 697 N.E.2d 533, 537 (Mass. 1998) (reasoning that "[i]n some cases, even if there is a lack of total identity between the issues involved in two adjudications, the overlap may be so substantial that preclusion in plainly appropriate.")

Lastly, the issue was essential to the judge's decision in the previous case. Massachusetts courts do not require that the issues be "strictly essential" to the outcome of the prior litigation. *Alba v. Raytheon* Co., 809 N.E.2d 516, 523 (Mass. 2004). Rather, this prong is fulfilled when the issues were "treated as essential." *Green v. Brookline*, 757 N.E.2d 731, 736 (Mass. App. Ct. 2001). Otherwise stated, "'[i]t is necessary that such findings be the product of full litigation and careful decision.'" *Id.* (quoting *Dugan*, 697 N.E.2d at 533). The plaintiff had a full and fair opportunity to litigate his claim that defendant BW/IP's products caused his injuries. More precisely, the Massachusetts court determined that Hovsepian failed to establish the element of causation—grounds upon which all of his claims rest. *See Martin v. Ring*, 514 N.E.2d 663, 665 (Mass. 1987) (holding that the "causation issue" in an injury claim was "essential to the findings" of the tribunal); *see also Supeno v. Equity Office Prop. Mgmt., LLC*, 874 N.E.2d 660, 664 (Mass. App. Ct. 2007).

For the above reasons, the Court concludes that plaintiff's claims against defendant BW/IP are barred by collateral estoppel.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant BW/IP to dismiss [Doc. #298] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2016.