UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DIANE MACCORMACK, NANCY BROUDY )
and KAREN LOFTUS, as Special Personal )
Representatives of BERJ HOVSEPIAN, )
deceased, )
 )
        Plaintiffs, )
 )
        vs. )      Case No. 4:16-CV-414-CEJ
 )
THE ADEL WIGGINS GROUP, individually )
and as a wholly-owned subsidiary of the )
TRANSDIGM GROUP, INC., et al., )
 )
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Crane Co. to dismiss based on collateral estoppel. The plaintiffs have filed a memorandum in opposition. The issues are fully briefed and ripe for disposition.

**I.   Background**

Plaintiffs are the special personal representatives of Berj Hovsepian (Hovsepian), now deceased. Hovsepian was a civilian employee of the United States Navy from 1958 until 1964, in Boston, Massachusetts. He contracted asbestos-related mesothelioma, allegedly as a result of exposure to products that were manufactured, sold, distributed or installed by the defendants, including Crane Co.

In December 2009, Hovsepian brought an action against defendant Crane Co. and other entities in the Superior Court for the Commonwealth of Massachusetts. He asserted claims of common law negligence,[1] breach of express

---

[1] Hovsepian's common law negligence claims were based on (1) failure to warn "of the dangers, characteristics, and potentialities of the[] asbestos-containing product or products when the defendant corporations knew or should have known that the exposure to their asbestos-containing products

and implied warranties,[2] and "malicious, willful, wanton and reckless conduct or gross negligence."[3] Defendant Crane Co. moved for summary judgment, arguing that plaintiff failed to (1) "present evidence that Berj Hovsepian worked with or around a Crane Co. product," (2) "present evidence that Berj Hovsepian worked with or around asbestos-containing original or replacement parts that were *manufactured* or *supplied* by Crane Co.," (3) "prove that any materials used with a Crane Co. product actually contained asbestos," (4) "prove that any work with or around a Crane Co. product substantially contributed to Berj Hovsepian's disease," among other arguments. [Doc. #333-2 at 4–5 (emphasis in original)]. On August 10, 2012, the Superior Court granted Crane Co.'s motion for summary judgment.

In December 2015, Hovsepian initiated an action in the Circuit Court of the City of St. Louis, Missouri, against defendant Crane Co. and others, and asserting claims identical to those in the Massachusetts case. The action was removed to this

---

would cause disease and injury," (2) failure to "exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos," (3) failure to "test their asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure to their asbestos," (4) failure to conduct "research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos," (5) failure to "remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure," (6) failure to "remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure," (7) failure upon "discovery of the dangers . . . to adequately warn and apprise plaintiff," (8) failure upon "discovery of the dangers . . . to package said asbestos . . . so as to eliminate said dangers," (9) "specifying the use of asbestos . . . in the installation, and expected routine maintenance of the defendants' equipment without providing adequate warning to those who would foreseeably come into contact with such asbestos," (10) failing "to provide an adequate warning to those who would foreseeably come into the contact with asbestos," and (11) "generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos. . ." [Doc. #333-1, at 18–19].

[2] Hovsepian claimed breach of warranty under Massachusetts General Laws ch. 106, § 2-318. He argued that "the defendants expressly and impliedly warranted that the asbestos and asbestos-containing products and equipment . . . were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of the plaintiff." [Doc. #333-1, at 20].

[3] Hovsepian claimed that at least some of the defendants possessed "medical and scientific data clearly indicating that asbestos and asbestos-containing products were hazardous." [Doc. #333-1 at 32].

2

Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. After Hovsepian's death, the plaintiffs continued the lawsuit as his special personal representatives.

## II.  Legal Standards

### **Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

The Eighth Circuit has "implicitly endorsed the use of a motion to dismiss to raise res judicata." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012). "Indeed, [i]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule

3

12(b)(6)." *Id.* at 764 (internal quotation marks and citations omitted). A district court may consider public records or other materials connected with the pleadings in its evaluation. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008). Plaintiffs challenge the use of a motion to dismiss to raise collateral estoppel or res judicata. [Doc. #336 at 2]. They cite no authority for this contention. But, ample Eighth Circuit precedent demonstrates otherwise. *See, e.g., Nance v. Humane Soc'y of Pulaski Cty.*, No. 15-3512, 2016 WL 4136972 (8th Cir. Aug. 4, 2016) (affirming a district court's 12(b)(6) dismissal premised on collateral estoppel grounds); *A.H. ex. rel. Hubbard v. Midwest Bus Sales, Inc.*, 823 F.3d 448 (8th Cir. 2016) (affirming a district court's dismissal on the grounds of res judicata); *Johnson v. Vilsack*, 833 F.3d 948, 951 n.4, 953–54 (8th Cir. 2016) (discussing whether an administrative agency determination justified a motion to dismiss on res judicata grounds, and noting that "[e]ach of the documents the district court considered was a public record, which a court can rely on even at the motion to dismiss stage"); *Jaakola v. U.S. Bank Nat'l Trust Ass'n*, 609 Fed. Appx. 877 (8th Cir. 2015) (affirming a district court's dismissal under Rule 12(b)(6) on res judicata grounds). Accordingly, the Court disagrees with the plaintiffs' argument that a summary judgment motion is required to assert a res judicata argument, and the Court will proceed with its analysis.

**Collateral Estoppel**

Res judicata encapsulates two preclusion concepts – issue preclusion and claim preclusion. *Lovilia Coal Co. v. Harvey*, 109 F.3d 445, 449 (8th Cir. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)). Issue preclusion, or collateral estoppel means that "'once a court has decided an issue of

fact or law necessary to its judgment, 'the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Id.* at 449–50 (quoting *Tyus v. Schoemehl*, 93 F.3d 449, 452 (8th Cir. 1996) (internal citations omitted) (abrogated on separate grounds)); *see also Montana v. United States*, 440 U.S. 147, 153 (1979). The same issues cannot be re-litigated. *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015). Collateral estoppel is therefore critical for judicial efficiency and for "promot[ing] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)). Moreover, it "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 154.

28 U.S.C. § 1738 provides that "judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. *Allen* explained how § 1738 interacts with common law res judicata doctrine, reasoning that "though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (reaffirming that federal courts should "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged"). This rule still holds

when a federal question case (in federal court) follows a state court proceeding, and even still when that federal question was not or could not actually be litigated in state court. *See Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 85 (1984); *see also Matsushita Elec. Indus. Co. v.* Epstein, 516 U.S. 367 (1996). Accordingly, in the instant case, the law of Massachusetts will determine the preclusive effect of the parties' previous litigation.

### III. Discussion

Under Massachusetts law, the doctrine of collateral estoppel applies when (1) there was a final judgment on the merits in the previous adjudication, (2) the party against whom estoppel is asserted is a party (or in privity with a party) to the prior adjudication, (3) the issue decided in the prior adjudication is identical with the one presented in the action in question, and (4) the issue decided in the prior adjudication was essential to the judgment. *Alba v. Raytheon* Co., 809 N.E.2d 516, 521 (Mass. 2004); *Green v. Brookline*, 757 N.E.2d 731, 734 (Mass. App. Ct. 2001). "The guiding principle in determining whether to allow defensive use of collateral estoppel is whether the party against whom it is asserted 'lacked full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue.'" *Alba*, 809 N.E.2d at 521 (internal citations and quotations omitted).

In this case, there was a final judgment on the merits in the Massachusetts case. "[T]he term 'judgment' refers to a final determination on the merits of the proceeding." *Jarosz v. Palmer*, 766 N.E.2d 482, 489 (Mass. 2002). And finality under Massachusetts law "does not require a final judgment in a strict sense." *Id.* (citing *Tausevich v. Bd. of Appeals of Stoughton*, 521 N.E.2d 385, 387 (1988)).

Finality requires that the "parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed." *Tausevich*, 521 N.E.2d at 387. Here, the Massachusetts Superior Court granted defendant Crane Co.'s motion for summary judgment following discovery. [Doc. #333 at 1, 3; Doc. #333-5]. According to defendant Crane Co., this motion was granted on the grounds that Hovsepian had failed to establish causation. [Doc. #333 at 7 n.3]. Plaintiffs, for their part, do not contest that summary judgment was granted in the Massachusetts case. And under Massachusetts law, a summary judgment ruling constitutes a final judgment on the merits. *In re Goldstone*, 839 N.E.2d 825, 832 (Mass. 2005) (reasoning that "[s]ummary judgment decisions are entitled to preclusive effect where the parties were fully heard, the court's decision is supported by a reasoned opinion, and the opinion was subject to review or was in fact reviewed"); *Jarosz v. Palmer*, 766 N.E.2d 482, 488 (Mass. 2002) (noting that "an evidentiary hearing or trial is not required before issue preclusion can apply. The appropriate question is whether the issue was 'subject to an adversary presentation and consequent judgment' that was not 'a product of the parties' consent.'" (internal quotations and citations omitted)). Although Hovsepian never actually responded to defendant Crane Co.'s summary judgment motion, he was afforded the full opportunity to be heard on the issues. *See Treglia v. MacDonald*, 717 N.E.2d 249, 254 (Mass. 1999) (noting that even in the case of default, where a party actively participated in the litigation previously, collateral estoppel would apply). Therefore, the grant of summary judgment by the Massachusetts Superior Court constituted a final judgment on the merits.

The second element of collateral estoppel is also met, as the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. "There is no generally prevailing definition of privity which can be automatically applied to all cases." *Degiacomo v. City of Quincy*, 63 N.E.3d 365, 370 (Mass. 2016) (internal quotation marks, formatting, and citation omitted). "[P]rivity is best understood simply as a legal conclusion that follows from an analysis of the relationship between the parties to a prior adjudication and the party to be bound." *Id.* "A nonparty to a prior adjudication can be bound by it 'only where [the nonparty's] interest was represented by a party to the prior adjudication." *TLT Constr. Corp. v. A. Anthony Tappe and Assocs., Inc.*, 716 N.E.2d 1044, 1050 (Mass. App. Ct. 1999). Accordingly, the current plaintiffs, as the special representatives of Hovsepian, are parties in privity with a party to the prior adjudication.

With respect to the third element, Hovsepian alleged in the Massachusetts case that he developed asbestosis as a proximate result of the defendants' negligence and their failure to warn of and protect him from the dangers of asbestos-containing products. He makes the same allegations here: that "as a direct and proximate result of said defective and unreasonably dangerous conditions of such products, Petitioner was exposed to . . . great amounts of asbestos fibers . . . causing Petitioner to develop [] asbestos-related disease." [Doc. #1-1, at 15]. There are, however, two differences between the two cases. First is the allegation that Hovsepian may have been exposed to asbestos not only between 1958 and 1964, but also from 1966 to 1969 and 1969 to 1997. However, this factual difference is not significant, as plaintiff had a full and fair opportunity to assert both time periods in the Massachusetts action. The second distinction

between the cases is the allegation in the amended complaint that Hovsepian died as a result of exposure to asbestos. But this additional information does not alter the nature of the claims. The Court disagrees with plaintiffs' assertion that defendant Crane Co. has provided insufficient information regarding the identity of the claims presented in both cases. *See* [Doc. #336 at 3].[4] Instead, the Court finds the claims in both cases are substantially similar. *See Comm'r of the Dep't of Emp't & Training v. Dugan*, 697 N.E.2d 533, 537 (Mass. 1998) (reasoning that "[i]n some cases, even if there is a lack of total identity between the issues involved in two adjudications, the overlap may be so substantial that preclusion in plainly appropriate.")

With respect to the fourth element, Massachusetts courts do not require that the issues be "strictly essential" to the outcome of the prior litigation. *Alba v. Raytheon* Co., 809 N.E.2d 516, 523 (Mass. 2004). Rather, this prong is fulfilled when the issues were "treated as essential." *Green v. Brookline*, 757 N.E.2d 731, 736 (Mass. App. Ct. 2001). Otherwise stated, "'[i]t is necessary that such findings be the product of full litigation and careful decision.'" *Id.* (quoting *Dugan*, 697 N.E.2d at 533). Hovsepian had a full and fair opportunity to litigate the claim that defendant Crane Co.'s products caused his injuries. And the Massachusetts court determined that Hovsepian failed to establish the element of causation – a ground on which all of his claims depend. *See Martin v. Ring*, 514 N.E.2d 663, 665 (Mass.

---

[4] Plaintiffs contend that defendants should have provided testimony from the Massachusetts and Missouri cases. [Doc. #336 at 3]. The Court does not agree that such testimony is necessary here. The respective complaints from each case demonstrate that the claims asserted are virtually identical. *See Willett v. Webster*, 148 N.E.2d 267, (Mass. 1958) (reasoning that res judicata applied where "it is apparent from comparison of the pleadings that they set forth in substance and in effect the same cause of action.") The Court also finds that plaintiffs do not "meaningfully contest the authenticity" of the public records provided by defendant, and therefore accepts defendant Crane Co.'s exhibits and statements regarding the summary judgment motion and decision in the Massachusetts Superior Court. *See Johnson v. Vilsack*, 833 F.3d 948, 951 n.4 (8th Cir. 2016).

1987) (holding that the "causation issue" in an injury claim was "essential to the findings" of the tribunal); *see also Supeno v. Equity Office Prop. Mgmt., LLC*, 874 N.E.2d 660, 664 (Mass. App. Ct. 2007).

***

For the above reasons, the Court concludes that plaintiffs' claims against defendant Crane Co. are barred by collateral estoppel.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Crane Co. to dismiss [Doc. #332] is **granted**.

An order of partial dismissal will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2017.