UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE MACCORMACK, NANCY BROUDY and KAREN LOFTUS, as Special Personal Representatives of BERJ HOVSEPIAN, deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE ADEL WIGGINS GROUP, individually and as a wholly-owned subsidiary of the TRANSDIGM GROUP, INC., et al.,<br><br>    Defendants. | Case No. 4:16-CV-414-CEJ |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant CBS Corporation's motion for reconsideration of the Court's previous order [Doc. #277], denying its motion to dismiss. [Doc. #353]. Plaintiffs have responded in opposition, and the issues are fully briefed.

**I.)  Background**

Plaintiffs are the special personal representatives of Berj Hovsepian (Hovsepian), now deceased.[1] Hovsepian was a civilian employee of the United States Navy from 1958 until 1964, in Boston, Massachusetts. He contracted asbestos-related mesothelioma, allegedly as a result of exposure to products that were manufactured, sold, distributed or installed by the defendants, including defendant CBS Corporation (defendant CBS).

In December 2015, Hovsepian initiated an action in the Circuit Court of the

---
[1] Upon Hovsepian's death, plaintiffs filed an amended complaint, proceeding as special personal representatives. [Doc. #324].

City of St. Louis, Missouri, naming defendant CBS and others as defendants in an eight-count complaint asserting common law negligence claims. The action was then removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. Defendant CBS subsequently moved to dismiss for lack of personal jurisdiction, and on August 5, 2016, the Court denied the motion. [Doc. #277]. The Court later denied defendant CBS's related motion for certification of a question for interlocutory appeal. [Doc. #309]. In the instant motion, defendant CBS moves for reconsideration of the Court's order denying its motion to dismiss for lack of personal jurisdiction. [Doc. #353].

**II. Legal Standard**

A district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotation marks and citation omitted). And although the Federal Rules of Civil Procedure do not *expressly* provide for motions to reconsider, Rule 54(b) encompasses the power to revise an interlocutory order any time prior to the entry of final judgment. *See Thunder Basin Coal Co., L.L.C. v. Zurich Am. Ins. Co.*, No. 4:12-CV-231 (CDP), 2013 WL 6410012, at *1 (E.D. Mo. Dec. 9, 2013); *Trickey v. Kaman Indus. Techs. Corp.*, No. 1:09-CV-00026 (SNLJ), 2011 WL 2118578, at * 1–2 (E.D. Mo. May 26, 2011); *see, e.g., Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2016 WL 193388, at *1 (E.D. Mo. Jan. 15, 2016) (applying Rule 54(b) to a motion to reconsider the denial of a motion to dismiss).[2] Specifically, Rule 54(b) states that:

---

[2] The parties dispute the applicable rule for the instant motion. The Eighth Circuit typically construes a motion for reconsideration "either as a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from a judgment." *Auto Servs. Co. v. KPMG,*

2

> [A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"'The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil [P]rocedure 60(b).'" *Painters Dist. Council No. 58 v. RDB Universal Servs., LLC*, No. 4:14-CV-01812 (ERW), 2016 WL 4368098, at *2 (E.D. Mo. Aug. 16, 2016) (quoting *Wells' Dairy, Inc. v. Travelers Indem. Co. of Ill.*, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004)). Furthermore, the provision affords district courts "substantial discretion" to reconsider prior interlocutory orders. *Robinson Mech. Contractors Inc. v. PTC Grp. Holding Corp.*, No. 1:15-CV-77 (SNLJ), 2017 WL 386541, at *2 (E.D. Mo. Jan. 27, 2017).

Under Rule 54(b), a court may reconsider an interlocutory order to "'correct any clearly or manifestly erroneous findings of fact or conclusions of law.'" *Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada*, No. 4:00-CV-1073 (CEJ), 2011 WL 1599550, at *1 (E.D. Mo. Apr. 27, 2011) (quoting *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)); *see Hagerman v. Yukon Energy*

---

*LLP.*, 537 F.3d 853, 855 (8th Cir. 2008). "Judgment encompasses both a final judgment and an appealable interlocutory order. Judgment does not, however, encompass an order dismissing fewer than all of the opposing parties or claims unless the district court directs the entry of final judgment under 54(b) or expressly indicates that the order is an immediately appealable interlocutory decision under 28 U.S.C. § 1292(b)." *Id.* (internal quotation marks omitted). Accordingly, here, where a judgment has not been entered, Rule 54(b) applies. *See id.*

*Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). In particular, a motion to reconsider may be granted if the earlier decision "(1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a 'controlling or significant change in law' since the issues were submitted to the Court.'" *Trickey*, 2011 WL 2118578, at *2 (quoting *Westinghouse Elec. Co. v. United States*, No. 4:03-CV-861, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009)); *see also Pet Quarters, Inc. v. Ladenburg Thalmann and Co., Inc.,* No. 4:04-CV-00697-BRW, 2011 WL 1135902, at *1 (E.D. Ark. Mar. 28, 2011) (reasoning that an "intervening change in the controlling law is a recognized ground for granting a motion for reconsideration").

A motion to reconsider under Rule 54(b), however, is "not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V- Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015); *see also Evans v. Contract Callers, Inc.*, No. 4:10-CV-2358 (FRB), 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) ("Although the Court has the power to revisit prior decisions of its own . . . in any circumstance, [it] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." (internal quotation marks and citation omitted; formatting in original)). Finally, "when evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Trickey*, 2011 WL 2118578, at *2 (citing *Disc. Tobacco*

*Warehouse, Inc. v. Briggs Tobacco and Specialty Co.*, No. 3:09-CV-5078 (DGK), 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)).

### III. Discussion

Defendant CBS urges the Court to reconsider its prior order pursuant to an intervening change in controlling law. After the Court issued its order, the Missouri Supreme Court held in *State ex rel. Norfolk S. Ry. Co. v. Dolan* that compliance with Missouri's foreign corporation registration statute does not constitute consent to the exercise of general jurisdiction by Missouri courts. No. SC 95514, 2017 WL 770977, at *1 (Mo. Feb. 28, 2017). This Court's prior order relied on Eighth Circuit precedent holding the converse – that complying with a state's foreign corporate registration statute operated as consent to the jurisdiction of that state's courts. [Doc. #277]; *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990). Accordingly, the Court finds that there has been a controlling or significant change in the law such that reconsideration is warranted. *See McClurg v. Mallinckrodt, Inc.*, No. 4:12-CV-00361 (AGF), 2016 WL 6432776 (E.D. Mo. Oct. 31, 2016) (granting a Rule 54(b) motion to reconsider after an intervening change in the law); *c.f. Reid v. Doe Run Res. Corp.*, No. 4:14-CV-44 (CDP), 2015 WL 3855151, at *1 (E.D. Mo. June 22, 2015) (denying a motion to reconsider when the defendants "offer no controlling decisions that would alter the [previous] conclusion" (internal quotation marks omitted)); *see also Lutzeier v. Citigroup Inc.*, No. 4:14-CV-183 (RLW), 2015 WL 7306443, at *2 (E.D. Mo. Nov. 19, 2015) (granting a motion to reconsider a motion to dismiss after the issuance of a new SEC interpretive rule and circuit court

ruling).[3] Because reconsideration is prudent, the Court will now analyze whether it can exercise personal jurisdiction over defendant CBS.

## Personal Jurisdiction

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead 'sufficient facts to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975 (8th Cir. 2015) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011)). The evidence must be viewed in a light most favorable to the plaintiff; however, the burden does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

Personal jurisdiction can be specific or general. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008) (alterations in original) (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994)). Moreover, a defendant may consent to personal jurisdiction.

---

[3] These cases refute plaintiffs' argument that Rule 54(b) does not permit reconsideration for intervening changes in the law. *See* [Doc. #355 at 4]. Moreover, the Court disagrees that there is a "floodgates" issue here. *See id.* at 5. That is because Rule 54(b) does not apply to cases in which final judgment has been issued.

Defendant CBS argues that the Missouri Supreme Court's decision in *Dolan*, establishes that this Court cannot exercise jurisdiction over it. The Court agrees for the reasons discussed below.

### (A) **General Personal Jurisdiction**

If a court has general jurisdiction over a defendant, it can "adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008) (alterations in original) (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994)). As with specific jurisdiction, general jurisdiction may only be asserted insofar as it is authorized by state law and permitted by the Due Process Clause. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 595 (8th Cir. 2011). A corporation may be subject to general jurisdiction where it is incorporated or has its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). Additionally, general jurisdiction may lie where a "corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* (internal quotation marks and citations omitted).

At the time of this Court's prior decision, controlling precedent held that compliance with a foreign business registration statute indicated consent to general personal jurisdiction in that state's courts. *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990); *see* Mo. Rev. Stat. § 351.594.1*.* And this Court reasoned that *Daimler* did not implicitly abrogate the Eighth Circuit's decision in *Knowlton*. [Doc. #277]. Therefore the Court rejected defendant CBS's motion to dismiss. But subsequently *Dolan* held that Missouri's foreign business registration statute does

*not* indicate consent to suits unrelated to activities in Missouri.[4] *State ex rel. Norfolk S. Ry. Co. v. Dolan*, No. SC 95514, 2017 WL 770977, at *1 (Mo. Feb. 28, 2017). In particular, the *Dolan* court stated:

> The plain language of Missouri's registration statutes does not mention consent to personal jurisdiction for unrelated claims, nor does it purport to provide an independent basis for jurisdiction over foreign corporations that register in Missouri. . . As section 351.594.1 provides only that registration is consent to service of process that Missouri requires or permits to be served on foreign corporations, the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present.

*Id.* at 8.

This Court is bound by *Dolan's* holding, and therefore finds that Missouri's Business Registration statute does not provide a basis for the exercise of personal jurisdiction over defendant CBS.

Additionally, plaintiffs argue that regardless of the holding in *Dolan*, general jurisdiction still provides a basis for haling defendant CBS into a Missouri court. Specifically, plaintiffs argue that defendant CBS has such extensive contacts with Missouri that general jurisdiction lies here. [Doc. #365]. This Court disagrees as *Daimler* precludes that conclusion. It is only in the most unusual of cases that a foreign corporation will be considered "at home," where it has neither corporate headquarters nor is incorporated. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). Plaintiffs have only shown that defendant CBS is a global corporation with business

---

[4] The Missouri Supreme Court declined to decide the consent question on constitutional grounds; instead, the Court determined that section 351.594.1 did not indicate consent to personal jurisdiction as a matter of statutory interpretation. *State ex rel. Norfolk S. Ry. Co. v. Dolan*, No. SC 95514, 2017 WL 770977, at *1 (Mo. Feb. 28, 2017).

operations in Missouri. But given the scope of defendant CBS's activities worldwide, it cannot be considered at home in Missouri. *See id.* at 761–62 (reasoning that "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit" (internal quotation marks and citations omitted)). Plaintiffs have therefore failed to demonstrate that defendant CBS is subject to general jurisdiction in Missouri.

### (B) Specific Personal Jurisdiction

"Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Fastpath, Inc.*, 760 F.3d at 820 (quoting *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir. 2012) (internal quotation marks omitted)). Although some courts collapse the analysis, these inquiries are separate. *Dairy Farmers*, 702 F.3d at 475 (citing *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231–32 (Mo. 2010) (en banc) (analyzing the statutory and constitutional questions separately)). "The reach of a state long arm statute is a question of state law," while "the extent to which the reach of a long arm statute is limited by due process is a question of federal law." *Inst. Food Mktg. Assocs., Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448, 455 (8th Cir. 1984).

As discussed in this Court's prior order, *Knowlton* and its progeny provided the sole basis for the exercise of jurisdiction over defendant CBS. [Doc. #277 at 1 ("Neither plaintiff nor CBS is a citizen of Missouri, and this litigation concededly has not connection to [] Missouri.")]. This is because none of the acts alleged in

plaintiffs' amended complaint occurred in Missouri, such that Missouri's long-arm statute applies. Plaintiffs do not dispute this prior finding. Specific personal jurisdiction, therefore, does not lie.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant CBS Corporation to reconsider [Doc. #353] is **granted**.

*(signature)*
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2017.