UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE MACCORMACK, NANCY BROUDY and KAREN LOFTUS, as Special Personal Representatives of BERJ HOVSEPIAN, deceased, )<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE ADEL WIGGINS GROUP, individually and as a wholly-owned subsidiary of the TRANSDIGM GROUP, INC., et al., )<br>)<br>)<br>)<br>Defendants. ) | Case No. 4:16-CV-414-CEJ |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Warren Pumps, LLC, to dismiss based on res judicata and collateral estoppel. The plaintiffs have filed a response in opposition, and the issues are fully briefed.

### I.  Background

Plaintiffs are the special personal representatives of decedent Berj Hovsepian (Hovsepian). Hovsepian was a civilian employee of the United States Navy from 1958 until 1964, in Boston, Massachusetts. He contracted asbestos-related mesothelioma, allegedly as a result of exposure to products that were manufactured, sold, distributed or installed by the defendants in this case, including Warren Pumps.

In December 2009, Hovsepian brought an action against Warren Pumps and a number of other entities in the Superior Court for the Commonwealth of Massachusetts. [Doc. #357-1]. In an amended complaint, filed on April 11, 2012,

Hovsepian asserted claims of common law negligence,[1] breach of express and implied warranties,[2] and "malicious, willful, wanton and reckless conduct or gross negligence."[3] [Doc. #357-1 at 17–24, 32–33]. Warren Pumps moved for summary judgment, arguing that Hovsepian had "failed to put forth sufficient evidence to demonstrate that [he] was exposed to asbestos from a product manufactured, sold, or supplied by Warren or that any such exposure was a substantial contributing cause of his injuries." [Doc. #357-2 at 11]. The motion was unopposed, and on July 27, 2012, the Massachusetts court granted summary judgment in favor of Warren Pumps. [Doc. #357-3; 357-2 at 3].

In December 2015, Hovsepian initiated an action in the Circuit Court of the City of St. Louis, Missouri, naming Warren Pumps and others as defendants, and asserting claims identical to those in the Massachusetts case. The action was

---

[1] Hovsepian's common law negligence claims were based on (1) failure to warn "plaintiff of the dangers, characteristics, and potentialities of the[] asbestos-containing product or products when the defendant corporations knew or should have known that the exposure to their asbestos-containing products would cause disease and injury," (2) failure to "exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and proper protective clothing, equipment, and appliances when working with or near or being exposed to their asbestos," (3) failure to "test their asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure to their asbestos," (4) failure to conduct "research as should have been conducted in the exercise of reasonable care, in order to ascertain the dangers involved upon exposure to their asbestos," (5) failure to "remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure," (6) failure to "remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure," (7) failure upon "discovery of the dangers . . . to adequately warn and apprise plaintiff," (8) failure upon "discovery of the dangers . . . to package said asbestos . . . so as to eliminate said dangers," (9) "specifying the use of asbestos . . . in the installation, and expected routine maintenance of the defendants' equipment without providing adequate warning to those who would foreseeably come into contact with such asbestos," (10) failing "to provide an adequate warning to those who would foreseeably come into the contact with asbestos," and (11) "generally using unreasonable, careless, and negligent conduct in the manufacture, fabricating, supply, or sale of their asbestos. . ." [Doc. #357-1, at 14–15].

[2] Hovsepian claimed breach of warranty under Massachusetts General Laws ch. 106, § 2-318. He argued that "the defendants expressly and impliedly warranted that the asbestos and asbestos-containing products and equipment . . . were merchantable, safe, and fit for their ordinary and the particular purposes and requirements of the plaintiff." [Doc. #357-1, at 16].

[3] In the Massachusetts case Hovsepian claimed that at least some of the defendants possessed "medical and scientific data clearly indicating that asbestos and asbestos-containing products were hazardous." [Doc. #357-1 at 28].

removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. Upon Hovsepian's death, plaintiffs filed an amended complaint, proceeding as special personal representatives.[4] In the instant motion, Warren Pumps argues that plaintiffs' claims against it are barred by res judicata and collateral estoppel.[5] [Doc. #357].

## II. Legal Standards

### a. Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46

---

[4] The three counts asserted in the amended complaint included (1) strict liability, (2) negligence, and (3) willful and wanton misconduct. [Doc. #324].

[5] The Court dismissed claims against defendants BW/IP and Crane Co. on nearly identical grounds. [Docs. #310, 350].

3

(1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

The Eighth Circuit has "implicitly endorsed the use of a motion to dismiss to raise res judicata." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763 (8th Cir. 2012); *see, e.g., Nance v. Humane Soc'y of Pulaski Cty.*, No. 15-3512, 667 F. App'x 879 (8th Cir. Aug. 4, 2016) (affirming a district court's 12(b)(6) dismissal premised on collateral estoppel grounds). "Indeed, [i]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6)." *C.H. Robinson*, 695 F.3d 758 at 764 (internal quotation marks and citations omitted). A district court may consider public records or other materials connected with the pleadings in its evaluation. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).

**b. Collateral Estoppel**

Res judicata encapsulates two preclusion concepts – issue preclusion and claim preclusion. *Lovilia Coal Co. v. Harvey*, 109 F.3d 445, 449 (8th Cir. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)). Issue preclusion, or collateral estoppel, means that "once a court has decided an issue of fact or law necessary to its judgment, 'the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Id.* at 449–50 (quoting *Tyus v. Schoemehl*, 93 F.3d 449, 453 (8th Cir. 1996) (internal citations omitted) (abrogated on other grounds)); *see also Montana v. United States*, 440 U.S. 147, 153 (1979). The same issues cannot be re-litigated. *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015). Collateral estoppel is therefore critical for judicial efficiency and for "promot[ing] the comity between

4

state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)). Moreover, it "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 154.

28 U.S.C. § 1738 provides that "judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. In *Allen* the Supreme Court explained how § 1738 interacts with common law res judicata doctrine, reasoning that "though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen* 449 U.S. at 96; *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982) (reaffirming that federal courts should "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged"). This rule still holds when a federal question case (in federal court) follows a state court proceeding, and even still when that federal question was not or could not actually be litigated in state court. *See Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 85 (1984); *see also Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996). Accordingly, here, the law of Massachusetts will determine the preclusive effect of the parties' previous litigation.

### III. Discussion

Under Massachusetts law, the doctrine of collateral estoppel applies when (1) there was a final judgment on the merits in the previous adjudication, (2) the party against whom estoppel is asserted is a party (or in privity with a party) to the prior adjudication, (3) the issue decided in the prior adjudication is identical with the one presented in the action in question, and (4) the issue decided in the prior adjudication was essential to the judgment. *Alba v. Raytheon* Co., 809 N.E.2d 516, 521 (Mass. 2004); *Green v. Brookline*, 757 N.E.2d 731, 734 (Mass. App. Ct. 2001). The doctrine of issue preclusion is a slightly more narrow doctrine than claim preclusion.[6] *TLT Constr. Corp. v. A. Anthony Tappe and Assocs., Inc.*, 716 N.E.2d 1044, 1049 (Mass. App. Ct. 1999). "The guiding principle in determining whether to allow defensive use of collateral estoppel is whether the party against whom it is asserted 'lacked full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue.'" *Alba*, 809 N.E.2d at 521 (internal citations and quotations omitted).

Plaintiffs argue that collateral estoppel does not apply in this case because there was (1) no final judgment on the merits in the previous litigation, (2) the issue was not actually litigated, (3) the issue decided in the prior adjudication is not identical with the one presented here, and (4) fairness considerations prohibit the "rigid application" of the collateral estoppel doctrine here.

---

[6] Claim preclusion "makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." *TLT Constr. Corp. v. A. Anthony Tappe and Assocs., Inc.*, 716 N.E.2d 1044, 1049 (Mass. App. Ct. 1999) (internal quotation marks and citation omitted).

## **Final Judgment on the Merits**

"[T]he term 'judgment' refers to a final determination on the merits of the proceeding." *Jarosz v. Palmer*, 766 N.E.2d 482, 489 (Mass. 2002). And finality under Massachusetts law "does not require a final judgment in a strict sense." *Id.* (citing *Tausevich v. Bd. of Appeals of Stoughton*, 521 N.E.2d 385, 387 (1988)). Finality requires that the "parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed." *Tausevich*, 521 N.E.2d at 387. An issue is actually litigated where it was "subject to an adversary presentation and consequent judgment that was not a product of the parties' consent." *Jarosz*, 766 N.E.2d at 488 (internal quotation marks and citation omitted) (reasoning that "[t]he application of issue preclusion is not conditioned on the opportunity for discovery and an evidentiary hearing"); *see also TLT Constr. Corp.*, 716 N.E.2d at 1052 (reasoning that an arbitration constitutes a final judgment on the merits). Summary judgment decisions may be entitled to preclusive effect if the aforementioned conditions are satisfied. *See In re Goldstone*, 839 N.E.2d 825, 832 (Mass. 2005).

Here, the Massachusetts Superior Court granted Warren Pumps' motion for summary judgment. Plaintiffs argue that this disposition did not constitute a final judgment on the merits because Hovsepian did not oppose the motion and did not have the "opportunity to fully litigate the [causation] issue," due to an incomplete deposition.[7]

---

[7] Plaintiffs state that Warren Pumps' counsel began a deposition of Hovsepian, but never completed it. [Doc. #363 at 5]. They also state that in a 2016 deposition, Hovsepian testified that he "removed and installed gaskets and packing on Warren Pumps." *Id.*

7

Plaintiffs' first argument is unavailing, as "issue preclusion is premised on a party's prior opportunity to litigate an issue, not on whether the party made the best use of that opportunity." *In re Goldstone*, 839 N.E.2d at 833. Plaintiffs do not explain why the motion went opposed. Therefore, although Hovsepian never responded to defendant Warren Pumps' summary judgment motion, he was afforded *full opportunity* to be heard on the issues. *See Treglia v. MacDonald*, 717 N.E.2d 249, 254 (Mass. 1999) (noting that under some circumstances even in the case of default, where a party actively participated in the litigation previously, collateral estoppel would apply); *see also Ellis v. Ford Motor Co.*, 628 F. Supp. 849, 857 (D. Mass. 1986) (reasoning that a plaintiff had a full and fair opportunity to litigate an issue, even assuming that plaintiff had inadequate representation in the first case).

Similarly, plaintiffs' second argument regarding Hovsepian's incomplete deposition also fails. Hovsepian could have offered evidence demonstrating a dispute of material fact pursuant to Massachusetts Rule of Civil Procedure 56. In the adversarial system, it is not the responsibility of the defendant to present plaintiff's case. And the defendant's alleged failure to complete the deposition does not rise to the level of discovery misconduct. *See id.;* Restatement (Second) of Judgments, § 28(j) (1982). Moreover, Hovsepian could have requested additional discovery to contest defendant Warren Pumps' motion. Accordingly, the grant of summary judgment in the Massachusetts Superior Court constituted a final judgment on the merits.[8]

---

[8] Plaintiffs also argue that the merits of the case were not decided because of Hovsepian's later mesothelioma diagnosis. [Doc. #363 at 5]. This argument will be addressed in the discussion of the "identity of the issues" factor.

### **Privity of the Parties**

"There is no generally prevailing definition of privity which can be automatically applied to all cases." *Degiacomo v. City of Quincy*, 63 N.E.3d 365, 370 (Mass. 2016) (internal quotation marks, formatting, and citation omitted). "[P]rivity is best understood simply as a legal conclusion that follows from an analysis of the relationship between the parties to a prior adjudication and the party to be bound." *Id.* "A nonparty to a prior adjudication can be bound by it 'only where [the nonparty's] interest was represented by a party to the prior adjudication.'" *TLT Constr. Corp. v. A. Anthony Tappe and Assocs., Inc.*, 716 N.E.2d 1044, 1050 (Mass. App. Ct. 1999). Plaintiffs do not contest that this privity element is met. Accordingly, the plaintiffs, as the special representatives of Hovsepian, are parties in privity with a party to the prior adjudication. *See Fidler v. E.M. Parker Co.,* 476 N.E.2d 595, 603 (Mass. 1985) (reasoning that a husband's independent claim was "based on the identical facts" as his wife's prior claims and were therefore precluded by collateral estoppel); *Corrigan v. Gen. Elec. Co.*, 548 N.E.2d 1238, 1240 (Mass. 1990) ("Fairness requires that, when a spouse with a sufficiently related claim has fully litigated an issue, a[] [defendant] should not be forced to relitigate the same issue.").

### **Identity of Issues**

Generally speaking, Massachusetts courts examine the identity of issues by analyzing whether the same issue is "at the crux of each claim." *Alves v. Mass. State Police*, 66 N.E.3d 1038, 1042 (Mass. Ct. App. 2017). And those courts have held causation to be such an essential issue. *See, e.g., Martin v. Ring*, 514 N.E.2d 663, 665 (Mass. 1987); *Supeno v. Equity Office Props. Mgmt., LLC*, 874 N.E.2d 660

(Mass. App. Ct. 2007). Moreover, Massachusetts courts, much like federal courts, have taken a relatively broad view of the defensive use of collateral estoppel – *total identity* of issues is not required. *See Comm'r of the Dep't of Emp't & Training v. Dugan*, 697 N.E.2d 533, 537 (Mass. 1998) (reasoning that "[i]n some cases, even if there is a lack of total identity between the issues involved in two adjudications, the overlap may be so substantial that preclusion is plainly appropriate."). This broad view extends to tort cases, including those in which a plaintiff puts forth new evidence of another medical condition allegedly caused by the same negligence. *Bailey v. Metro. Prop. and Liab. Ins. Co.*, 505 N.E.2d 908, 911 (Mass. App. Ct. 1987) (reasoning that a worsening of a condition did not justify a subsequent new action as "[t]he general rule is, of course, that a plaintiff is entitled to one recovery in a personal injury action for all past and reasonably expected future losses and injuries," and that "[a]n exception may be allowed in an extraordinary case"); *see also Miles v. Aetna Cas. and Sur. Co.*, 589 N.E.2d 314, 317–18 (Mass. 1992).

In the Massachusetts action, Hovsepian alleged that he developed asbestosis as a proximate result of defendant Warren Pumps' negligence and its failure to warn of and protect him from the dangers of asbestos-containing products. In the instant case plaintiffs allege that "as a direct and proximate result of said defective and unreasonably dangerous conditions of such products, Decedent was exposed to . . . great amounts of asbestos fibers . . . causing Decedent to develop the asbestos-related disease aforesaid." [Doc. #321-1, at 5].[9] Further, in the summary

---

[9] The complaint in the instant matter also adds that Hovsepian may have been exposed to asbestos not only between 1958 and 1964, but also from 1966 to 1969 and 1969 to 1997. [Doc. #321-1 at 2]. This factual difference is not significant, as plaintiff had a full and fair opportunity to assert both time periods in the Massachusetts action. Plaintiffs' amended complaint further asserts that Hovsepian died as a consequence of the asbestos-related disease. *Id* But this additional information does not alter the nature of the claims.

10

judgment motion granted by the Massachusetts Superior Court, Warren Pumps argued that plaintiff had not put forth sufficient evidence of exposure to asbestos from a product it manufactured, sold, or supplied or that any such exposure was a substantial contributing cause of his injuries.

Despite the striking similarity between the instant case and the Massachusetts case, plaintiffs dispute the identity of the issues. Specifically, plaintiffs contend that because Hovsepian's condition subsequently developed into mesothelioma in 2015,[10] the full merits of the case have not been adjudicated. [Doc. #363 at 5]. The essence of this argument is that the two asbestos-related diseases are distinct and arise from different degrees of asbestos exposure.[11] [Doc. #363 at 7].

Although latent asbestos-related diseases can raise difficult questions for courts in the realm of res judicata, leading to divergent outcomes, this case presents a more straightforward inquiry. *See, e.g., Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1136–37 (5th Cir. 1985); *Cano v. Everest Minerals Corp.*, No. Civ. A.SA.-01-CA-610XR, 2004 WL 502628 (W.D. Tex. Mar. 10, 2004); *Carbonaro v. Johns-Mansville Corp.*, 526 F. Supp. 260 (E.D. Pa. Nov. 20, 1981); *c.f. Ahnert v. Brand Insulation, Inc.*, No. 13-C-1456, 2015 WL 461568, at *4 (E.D. Wis. Feb. 3, 2015). Here, both cases involve an injury that arose out of the same alleged negligence and as a result of exposure to the same product. And the issues

---

[10] Hovsepian received a diagnosis for malignant mesothelioma in September 2015. [Doc. #363 at 1].

[11] Plaintiffs argue that mesothelioma is "not a cumulative disease," unlike asbestosis. [Doc. #363 at 7]. Plaintiffs add that "[i]t would follow that the factual inquiry of the Massachusetts trial court to support the 2009 [a]sbestosis claim would have required a demonstration of more exposures and transactions to [d]efendant's asbestos containing products than would be necessary to sustain an action for a mesothelioma claim, a non-cumulative disease." *Id.* But, according to defendant Warren Pumps' motion for summary judgment, Hovsepian "failed to put forth any evidence whatsoever" of exposure to asbestos from a Warren Pumps' product. [Doc. #357-2 at 7].

that have already been determined – whether Hovsepian was actually exposed to Warren Pumps' product and causation – go to the heart of each claim. Warren Pumps should not face the burden of re-litigating these same issues. Because of the evidentiary inadequacies with respect to the claims against Warren Pumps, the Massachusetts court determined that no genuine issue of material fact remained in dispute and that Warren Pumps was therefore entitled to judgment as a matter of law. This Court is bound by considerations of comity and federalism to accept the state court's decisive legal and factual determinations. Accordingly, the Court concludes that the issues in both are substantially similar.

### Issue Essential to Prior Judgment

The Court also finds that the issues involved in both cases were essential to the Massachusetts court's decision. Courts in Massachusetts do not require that the issues be "strictly essential" to the outcome of the prior litigation. *Alba v. Raytheon Co.*, 809 N.E.2d 516, 523 (Mass. 2004). Rather, this prong is fulfilled when the issues were "*treated as essential*." *Green v. Brookline*, 757 N.E.2d 731, 736 (Mass. App. Ct. 2001) (formatting in original). Otherwise stated, "'[i]t is necessary that such findings be the product of full litigation and careful decision.'" *Id.* (quoting *Dugan*, 697 N.E.2d at 533). Hovsepian (and therefore the current plaintiffs as parties in privity), had a full and fair opportunity to litigate his claim. And the Massachusetts court determined that Hovsepian failed to establish the element of causation, a ground on which all of his claims would fold. *See Martin v. Ring*, 514 N.E.2d 663, 665 (Mass. 1987) (holding that the "causation issue" in an injury claim was "essential to the findings" of the tribunal). Therefore, this factor is also satisfied.

### **Fairness Considerations**

Lastly, plaintiffs argue that Warren Pumps' motion to dismiss should be denied for reasons of "fairness." [Doc. #363 at 7]. The fairness considerations of mistake, fraud, concealment, or misrepresentation are not present in this case. *See* Restatement (Second) of Judgments § 26(j) (1982). Therefore, plaintiffs' argument fails.

***

For the above reasons, the Court concludes that plaintiffs' claims against defendant Warren Pumps are barred by collateral estoppel.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Warren Pumps, LLC to dismiss [Doc. #357] is **granted**.

An order of dismissal will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of July, 2017.