UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DIANE MACCORMACK, NANCY BROUDY ) <br> And KAREN LOFTUS, as Special Personal ) <br> Representatives of BERJ HOVSEPIAN, ) <br> Deceased, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> AIR & LIQUID SYSTEMS CORPORATION, ) <br> A/K/A BUFFALO PUMPS, INC., et al., ) <br> ) <br> Defendants. ) | | Case No. 4:16CV414 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Air & Liquid Systems Corporation's Motion for Summary Judgment based on the Doctrine of Collateral Estoppel, filed July 13, 2017. (ECF No. 372). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs are the special personal representatives of Decedent Berj Hovsepian ("Hovsepian"). Hovsepian was a civilian employee of the United States Navy from 1958 until 1964, in Boston, Massachusetts. He contracted asbestos-related mesothelioma, allegedly as a result of exposure to products that were manufactured, sold, distributed or installed by the Defendants in this case, including Air & Liquid Systems Corporation, as successor by merger to Buffalo Pumps, Inc. (hereinafter "Buffalo").

In December 2009, Hovsepian brought an action against Buffalo and a number of other entities in the Superior Court for the Commonwealth of Massachusetts. (ECF No. 374-1). As

1

relevant here, in an amended complaint filed April 11, 2012, Hovsepian asserted claims of common law negligence, breach of express and implied warranties, and "malicious, willful, wanton and reckless conduct or gross negligence." (ECF No. 374-2, PP. 13–20, 28-29).[1] Buffalo moved for summary judgment in the Massachusetts action, arguing, among other things, that Hovsepian and his wife failed to "present evidence that Berj Hovsepian worked with or around a Buffalo pump", "prove that any materials used with a Buffalo pump actually contained asbestos", and "prove that any work with or around a Buffalo pump substantially contributed to Berj Hovsepian's disease." (ECF No. 374-3, PP. 1-2). The motion was unopposed, and on August 10, 2012, the Massachusetts Superior Court granted summary judgment in favor of Buffalo. (ECF Nos. 374-4, 374-5).

On or about December 15, 2015, Hovsepian alone initiated an action in the Circuit Court of the City of St. Louis, Missouri, naming Buffalo and others as Defendants, and asserting claims similar to those in the Massachusetts case. (ECF No. 8). The action was removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. (ECF No. 1). Upon Hovsepian's death, Plaintiffs filed a First Amended Complaint, proceeding as special personal representatives.[2] (ECF No. 324).

As noted above, Buffalo filed the instant Motion for Summary Judgment on July 13, 2017, asserting Plaintiffs' claims against it are barred by the doctrine of collateral estoppel.[3] (ECF No. 372).

**LEGAL STANDARDS**

A. **Summary Judgment Standard**

---

1 Hovsepian's wife, Virginia Hovsepian, also asserted a claim for loss of consortium. (ECF No. 374-2, P. 30).
2 The three counts asserted in the amended complaint include (1) strict liability, (2) negligence, and (3) willful and wanton misconduct. (ECF No. 324).
3 The Court previously dismissed claims against Defendants BW/IP, Inc., Crane Co. and Warren Pumps, LLC, on nearly identical grounds. (*See* ECF Nos. 310, 350, 369).

2

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id*. at 249.

### B. <u>Collateral Estoppel</u>

Res judicata encapsulates two preclusion concepts – issue preclusion and claim preclusion. *Lovilia Coal Co. v. Harvey*, 109 F.3d 445, 449 (8th Cir. 1997) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984)), *cert. denied*, 118 S.Ct. 1385 (1998). Issue preclusion, or collateral estoppel, means that "'once a court has decided an issue of fact or law necessary to its

judgment, 'the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Id.* at 449–50 (quoting *Tyus v. Schoemehl*, 93 F.3d 449, 453 (8th Cir. 1996) (internal citations omitted) (abrogated on other grounds)); *see also Montana v. United States*, 440 U.S. 147, 153 (1979). The same issues cannot be re-litigated. *Ideker v. PPG Indus., Inc.*, 788 F.3d 849, 852 (8th Cir. 2015). Collateral estoppel therefore is critical for judicial efficiency, and for "promot[ing] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980) (citing *Younger v. Harris*, 401 U.S. 37, 43–45 (1971)). Moreover, it "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana*, 440 U.S. at 154.

28 U.S.C. § 1738 provides that "judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State." 28 U.S.C. § 1738. In *Allen* the Supreme Court explained how § 1738 interacts with common law res judicata doctrine, reasoning that "though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen*, 449 U.S. at 96; *see also Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982) (reaffirming that federal courts should "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged"). This rule still holds when a federal question case (in federal court) follows a state court proceeding, and even still when that federal question was not or could not actually be litigated in state court. *See Migra*, 465 U.S. at 85; *see also Matsushita Elec.*

*Indus. Co., Ltd. v. Epstein*, 516 U.S. 367 (1996). Accordingly here, the law of Massachusetts will determine the preclusive effect of the parties' previous litigation.

## DISCUSSION

Under Massachusetts law, the doctrine of collateral estoppel applies when (1) there was a final judgment on the merits in the previous adjudication, (2) the party against whom estoppel is asserted is a party (or in privity with a party) to the prior adjudication, (3) the issue decided in the prior adjudication is identical with the one presented in the action in question, and (4) the issue decided in the prior adjudication was essential to the judgment. *Alba v. Raytheon* Co., 809 N.E.2d 516, 521 (Mass. 2004); *Green v. Brookline*, 757 N.E.2d 731, 734 (Mass. App. Ct. 2001). The doctrine of issue preclusion is a slightly more narrow doctrine than claim preclusion. *TLT Constr. Corp. v. A. Anthony Tappe and Assocs., Inc.*, 716 N.E.2d 1044, 1049 (Mass. App. Ct. 1999).[4] "The guiding principle in determining whether to allow defensive use of collateral estoppel is whether the party against whom it is asserted lacked full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue." *Alba*, 809 N.E.2d at 521 (internal quotations and citations omitted).

Plaintiffs argue that collateral estoppel does not apply in this case because (1) there was no final judgment on the merits in the previous litigation, (2) the issue was not actually litigated, (3) the issue decided in the prior adjudication is not identical with the one presented here, and (4) fairness considerations prohibit the "rigid application" of the collateral estoppel doctrine here.

### I. Final Judgment On The Merits

---

[4] Claim preclusion "makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." *TLT Constr. Corp.*, 716 N.E.2d at 1049 (internal quotations and citation omitted).

"[T]he term 'judgment' refers to a final determination on the merits of the proceeding." *Jarosz v. Palmer*, 766 N.E.2d 482, 489 (Mass. 2002). Under Massachusetts law, finality "does not require a final judgment in the strict sense." *Id.* (citing *Tausevich v. Board of Appeals of Stoughton*, 521 N.E.2d 385, 387 (1988)). Rather, finality requires that the "parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed." *Tausevich*, 521 N.E.2d at 387. An issue is actually litigated where it was "subject to an adversary presentation and consequent judgment that was not a product of the parties' consent." *Jarosz*, 766 N.E.2d at 488 (internal quotations and citation omitted) (reasoning that "[t]he application of issue preclusion is not conditioned on the opportunity for discovery and an evidentiary hearing"); *see also TLT Constr. Corp.*, 716 N.E.2d at 1052 (reasoning that an arbitration constitutes a final judgment on the merits). Summary judgment decisions may be entitled to preclusive effect if the aforementioned conditions are satisfied. *See In re Goldstone*, 839 N.E.2d 825, 832 (Mass. 2005).

Here, the Massachusetts Superior Court granted Buffalo's motion for summary judgment. Plaintiffs argue that this disposition did not constitute a final judgment on the merits because Hovsepian did not oppose the motion, and did not have the opportunity to litigate the causation issue fully due to an incomplete deposition.[5]

Plaintiffs' first argument is unavailing, as "issue preclusion is premised on a party's prior opportunity to litigate an issue, not on whether the party made the best use of that opportunity." *In re Goldstone*, 839 N.E.2d at 833. Plaintiffs do not explain why the earlier motion went unopposed. Therefore, although Hovsepian never responded to Defendant Buffalo's summary judgment motion,

---

5 Plaintiffs state that Buffalo's counsel began a deposition of Hovsepian, but never completed it. (ECF No. 377, P. 4). They also note that in a 2016 deposition, taken in connection with the instant case, Hovsepian testified that he "worked around Defendant[']s pumps, changing gaskets and packing" (*Id.*, PP. 4-5).

he was afforded *full opportunity* to be heard on the issues. *See Treglia v. MacDonald*, 717 N.E.2d 249, 254 (Mass. 1999) (noting that under some circumstances even in the case of default, where a party actively participated in the litigation previously, collateral estoppel would apply); *see also Ellis v. Ford Motor Co.*, 628 F. Supp. 849, 857 (D. Mass. 1986) (reasoning that a plaintiff had a full and fair opportunity to litigate an issue, even assuming that plaintiff had inadequate representation in the first case).

Similarly, Plaintiffs' second argument regarding Hovsepian's incomplete deposition also fails. Hovsepian could have offered evidence demonstrating a dispute of material fact pursuant to Massachusetts Rule of Civil Procedure 56. In the adversarial system, it is not the responsibility of the Defendant to present the Plaintiff's case. Further, Buffalo's alleged failure to complete the deposition does not rise to the level of discovery misconduct. *See id.;* Restatement (Second) of Judgments, § 28(j) (1982). Moreover, Hovsepian could have requested additional discovery to contest Buffalo's motion. Accordingly, the grant of summary judgment in the Massachusetts Superior Court constituted a final judgment on the merits.[6]

**II.     Privity Of The Parties**

"There is no generally prevailing definition of privity which can be automatically applied to all cases." *Degiacomo v. City of Quincy*, 63 N.E.3d 365, 370 (Mass. 2016) (internal quotations, formatting and citation omitted). "Instead, privity is best understood simply as a legal conclusion that follows from an analysis of the relationship between the parties to a prior adjudication and the party to be bound." *Id.* (citation omitted). "A nonparty to a prior adjudication can be bound by it only where [the nonparty's] interest was represented by a party to the prior adjudication." *TLT*

---

6 Plaintiffs also argue that the merits of the case were not decided because of Hovsepian's later mesothelioma diagnosis. (ECF No. 377, P. 4). This argument will be addressed in the discussion of

*Constr. Corp.*, 716 N.E.2d at 1050 (internal quotations and citations omitted). Plaintiffs do not contest that this privity element is met. Accordingly Plaintiffs, as the special representatives of Hovsepian, are parties in privity with a party to the prior adjudication. *See Fidler v. E.M. Parker Co., Inc.,* 476 N.E.2d 595, 603 (Mass. 1985) (reasoning that a husband's independent claim was "based upon the identical facts" as his wife's prior claims and was therefore precluded by collateral estoppel); *Corrigan v. Gen. Elec. Co.*, 548 N.E.2d 1238, 1240 (Mass. 1990) ("Fairness requires that, when a spouse with a sufficiently related claim has fully litigated an issue, a[] [defendant] should not be forced to relitigate the same issue.").

### III.   Identity Of Issues

Generally speaking, Massachusetts courts examine the identity of issues by analyzing whether the same issue is "at the crux of each claim." *Alves v. Mass. State Police*, 66 N.E.3d 1038, 1042 (Mass. Ct. App. 2017). Those same courts have found causation to be such an essential issue. *See, e.g., Martin v. Ring*, 514 N.E.2d 663, 665 (Mass. 1987); *Supeno v. Equity Office Props. Mgmt., LLC*, 874 N.E.2d 660 (Mass. App. Ct. 2007). Moreover, Massachusetts courts, much like federal courts, have taken a relatively broad view of the defensive use of collateral estoppel – *total identity* of issues is not required. *See Comm'r of the Dep't of Emp't & Training v. Dugan*, 697 N.E.2d 533, 537 (Mass. 1998) (reasoning that "[i]n some cases, even if there is a lack of total identity between the issues involved in two adjudications, the overlap may be so substantial that preclusion is plainly appropriate."). This broad view extends to tort cases, including those in which a plaintiff puts forth evidence of a new medical condition allegedly caused by the same negligence. *See Bailey v. Metro. Prop. and Liab. Ins. Co.*, 505 N.E.2d 908, 911 (Mass. App. Ct. 1987) (reasoning that a worsening of a condition did not justify a subsequent new action as "[t]he general rule is, of course, that a plaintiff

---

the "identity of issues" factor.

8

is entitled to one recovery in a personal injury action for all past and reasonably expected future losses and injuries," and that "[a]n exception may be allowed [only] in an extraordinary case"); *see also Miles v. Aetna Cas. and Sur. Co.*, 589 N.E.2d 314, 317–18 (Mass. 1992).

In the Massachusetts action, Hovsepian alleged that he developed asbestosis as a proximate result of Defendant Buffalo's negligence, and its failure to warn of and protect him from the dangers of asbestos-containing products. In the instant case Plaintiffs allege that "[a]s a direct and proximate result of said defective and unreasonably dangerous conditions of such products, Decedent was exposed to . . . great amounts of asbestos fibers . . . causing Decedent to develop the asbestos-related disease aforesaid." (ECF No. 324, P. 5).[7] In the summary judgment motion granted by the Massachusetts Superior Court, Buffalo argued that Hovsepian failed to put forth sufficient evidence of exposure to asbestos from a product it manufactured, sold, or supplied, or that any such exposure was a substantial contributing cause of his injuries.

Despite the striking similarity between the instant case and the Massachusetts case, Plaintiffs dispute the identity of the issues. Specifically, Plaintiffs contend that because Hovsepian's condition subsequently developed into mesothelioma in 2015,[8] the full merits of the case have not been adjudicated. (ECF No. 377, PP. 5-6). The essence of this argument is that the two asbestos-related diseases are distinct and arise from different degrees of asbestos exposure. (*Id.*).

---

[7] The First Amended Complaint in the instant matter also adds that Hovsepian may have been exposed to asbestos not only between 1958 and 1964, but also from 1966 to 1969 and 1969 to 1997. (ECF No. 324, P. 2). This factual difference is not significant, as Hovsepian had a full and fair opportunity to assert both time periods in the Massachusetts action. Plaintiffs' First Amended Complaint further asserts that Hovsepian died as a consequence of the asbestos-related disease. (*Id.*). This additional information does not alter the nature of the claims either, however.

[8] Hovsepian received a diagnosis for malignant mesothelioma in September 2015. (ECF No. 324, P. 2).

Although latent asbestos-related diseases can raise difficult questions for courts in the realm of res judicata, leading to divergent outcomes, this case presents a more straightforward inquiry. *See, e.g., Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1136–37 (5th Cir. 1985); *Cano v. Everest Minerals Corp.*, No. Civ. A.SA.-01-CA-610XR, 2004 WL 502628 (W.D. Tex. Mar. 10, 2004); *Carbonaro v. Johns-Mansville Corp.*, 526 F. Supp. 260 (E.D. Pa. Nov. 20, 1981); *Ahnert v. Brand Insulation, Inc.*, No. 13-C-1456, 2015 WL 461568, at *4 (E.D. Wis. Feb. 3, 2015). Here, both cases involve injuries that arose out of the same alleged negligence, and as a result of exposure to the same product. And the issues that already have been determined, *i.e.*, whether Hovsepian actually was exposed to Buffalo's product, and whether such exposure substantially contributed to his diseases, go to the heart of both claims. The Massachusetts court determined, because of the evidentiary inadequacies with respect to the claims against Buffalo, that no genuine issue of material fact remained in dispute and that Buffalo therefore was entitled to judgment as a matter of law. This Court is bound by considerations of comity and federalism to accept the state court's decisive legal and factual determinations, and Buffalo should not face the burden of re-litigating these same issues.

**IV.     Issue Essential To Prior Judgment**

The Court also finds that the issues involved in both cases were essential to the Massachusetts court's decision. Courts in Massachusetts do not require that the issues be "strictly essential" to the outcome of the prior litigation. *Alba*, 809 N.E.2d at 523. Rather, this prong is fulfilled when the issues were "*treated as essential.*" *Green*, 757 N.E.2d at 736 (formatting in original). Otherwise stated, "it is necessary that such findings be the product of full litigation and careful decision." *Id.* (internal quotations and citation omitted). Hovsepian (and therefore the current Plaintiffs as parties in privity), had a full and fair opportunity to litigate his claim, and the Massachusetts court determined that he failed to establish the element of causation, a ground on

which all of his claims would fold. *See Martin*, 514 N.E.2d at 665 (holding that the "causation issue" in an injury claim was "essential to the findings" of the tribunal). Therefore, this factor also is satisfied.

### V. <u>**Fairness Considerations**</u>

Lastly, Plaintiffs argue that Buffalo's Motion for Summary Judgment should be denied for reasons of "fairness." (ECF No. 324, PP. 6-7). The fairness considerations of mistake, fraud, concealment, or misrepresentation are not present in this case. *See* Restatement (Second) of Judgments § 26(j) (1982). Therefore, Plaintiffs' argument fails.

For the above reasons, the Court concludes that Plaintiffs' claims against Defendant Buffalo are barred by the doctrine of collateral estoppel.

### **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Buffalo's Motion for Summary Judgment based on the Doctrine of Collateral Estoppel (ECF No. 372) is **GRANTED**.

Dated this 11th Day of September, 2017.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE